HARDY, Judge.
Plaintiff, an emancipated minor, brought this suit seeking the recovery of damages for injuries sustained in an altercation with defendants Whitney P. Bordelon, his wife. *422 Ina C. Bordelon, and his father, Percy Bordelon. After trial there was judgment rejecting plaintiff’s demands, from which he has appealed.
Whitney P. Bordelon and his wife, Ina, own and operate a tavern and night club known as the “Moonlight Inn”, located near the town of Marksville in Avoyelles Parish. The building consists of a bar room and a large dance hall, the latter being of the more or less familiar night club type, having tables at which the patrons seat themselves and where they are served refreshments. It appears that dances are held in the dance hall, particularly on Sunday evenings, at which music of a sort is furnished by the management, and an admission fee of $1.00 is charged for entrance to the dance hall. A doorway from the bar room, or tavern, leads into the dance hall, and on the bar side of this entrance, on evenings when dancing is in progress, it is customary for Mrs, Ina Bordelon to sell admission to all entering the dance hall and, in evidence of the payment of the requisite fee, to staple a bit of ribbon to the shirt collar or coat lapel of the dance patrons.
At or about 7:30 P.M. on Sunday, March 18, 1951 plaintiff, accompanied by several companions, entered the Moonlight Inn and proceeded into the dance hall. One of the very few facts established without dispute is that plaintiff paid his dollar to Mrs. Bordelon, who stapled a bit of ribbon to his shirt collar. Sometime later plaintiff, who unquestionably had been indulging more or less freely in the drinking of intoxicating liquor, made his way from the dance hall into the bar room and was accosted by Mrs. Bordelon who noticed that his badge of admission was missing from his collar. It is clearly established that Mrs. Bordelon raised no question with reference to plaintiff’s payment of an admission fee, but it appears that she feared that plaintiff had removed the ribbon from his own collar and given it to a friend who had not paid. This not improbable conjecture on the part of Mrs. Bordelon seems to have been the immediate cause of what was described by numerous witnesses on both sides as “fussing and pushing”. As best we can determine, the altercation which ensued was of a somewhat general nature involving, to some extent, plaintiff, the three defendants and possibly another party.
Out of the welter of contradictory and confusing testimony we have arrived at a few and, unfortunately, a very few, well-established facts — that plaintiff was intoxicated; that he was guilty of the use of vulgar and obscene language particularly directed at Mrs. Bordelon; that he and the named proprietress engaged in a sort of “pushing” match, in the course of which Mrs. Bordelon reached across the bar and pushed or shoved plaintiff down on one of the bar stools; that Mrs. Bordelon made an effort to return plaintiff’s dollar and requested him in no gentle terms to leave the premises; that plaintiff refused both to receive the dollar and to leave the place; that plaintiff and the defendant, Percy Bordelon, were involved in another “pushing” affair of inconsiderable violence; that plaintiff rushed back into the dance hall following these struggles, rejoined his companions at a table; that plaintiff visited the rest room on at least one and possibly two occasions thereafter; that sometime during the evening plaintiff sustained an injury which was later ascertained to be a fracture of the fibula of the right leg at the ankle joint and that plaintiff was finally removed from the premises by two companions and carried to the hospital for treatment of his injury.
Shrouded in clouds of uncertainty and irreconcilable contradictions in the testimony of the witnesses for the respective parties litigant remains, and we fear must remain, the determination of the salient and material facts in connection with the actual occurrence of plaintiff’s injury, for we are completely at a loss in the effort to establish with anything approaching certainty the manner in which plaintiff was injured and the facts in connection therewith. There are several possible origins of plaintiff’s injury — that he was pushed *423 to the floor of the bar by Mrs. Bordelon; that he was “hit down” by Percy Bordelon; that in his hurried exit from the bar into the dance hall he might have tripped on the door sill and fallen to the floor; that he was pushed to the floor of the dance hall by Percy Bordelon, who fell on top of him, or, finally, that he was injured in the course of combat with unknown parties in the rest room.
As we have above pointed out, we are convinced that plaintiff was in an intoxicated condition and unquestionably made himself obnoxious. We refrain from concluding that plaintiff was drunk only in deference to the definition which was interpolated by our learned and distinguished brother of the district court, now retired, in the course of trial when he declared:
“It seems to be accepted in this Parish that a man is drunk when he staggers and falls and is intoxicated when he talks plenty and does things to indicate he is intoxicated.”
Under the above fine distinction we have perforce concluded that plaintiff was only intoxicated.
Careful examination of the record has failed to convince us of any unprovoked assault or of the use of any undue violence on the part of any of the defendants against the person of plaintiff. It follows, and this is the only certainty which has been established in our minds, that plaintiff has failed to prove that defendants, or. any of them, were guilty of any acts of violence or negligence, active or passive, which proximately caused plaintiff’s injury.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.