HARDY, Judge.
This action was instituted by plaintiffs seeking injunctive relief for the abatement of a nuisance. The case was tried before a jury and judgment granting an injunction was rendered pursuant to its verdict, from which judgment defendants appealed.
In this,court defendants-appellants filed a motion to remand this case for a new trial. The motion recites the fact that the Clerk of the First Judicial District Court is unable to complete the transcript of the record ■of the case due to the untimely death of the court reporter, Mr. R. T. Russ, which occurred before he transcribed the note of evidence, and further, that an effort to secure the transcription of the shorthand notes of Mr. Russ has been unavailing.
■Counsel for both appellants and ap-pellees in briefs before this court have called attention to the action of our Supreme Court in a case involving the identical situation here presented, Harper v. Harper, 236 La. 458, 107 So.2d 704. In the cited case the Supreme Court annulled and set aside the judgment appealed from and remanded the case to the trial court for trial de novo. It follows that the same action must be taken in the instant matter.
Before this court appellees have filed a motion to dismiss the suspensive appeal granted defendants-appellants on the ground that no bond was fixed. This question has no validity, relevance or importance in view of the effect of an order of remand, in connection with which the original judgment must be annulled and set •aside.
Plaintiffs-appellees also complain of the action of the trial court in taxing them with costs incurred in connection with this litigation prior to the entry of an order of mistrial in response to their motion therefor. This question is not appropriate for consideration in view of the action that is being taken, and it must await disposition when and if an appeal is prosecuted following retrial on the merits.
The judgment appealed from is annulled' and set aside and the case is remanded to the First Judicial District Court in and for the Parish of Caddo, State of Louisiana, there to be tried de novo in accordance with law. All costs, including costs of this appeal, shall await the final disposition of this suit.