HARDY, Judge.
This is an action for damages resulting from personal injuries and, after trial before a jury and judgment rendered pursuant thereto, plaintiff appealed.
Before this court plaintiff-appellant has filed a motion to remand for a new trial, which motion alleges that the court reporter, Mr. R. T. Russ, died before transcribing his notes of evidence taken on trial of this case, which notes are unintelligible to other reporters and therefore not susceptible of transcription;
This identical question has been considered and disposed .by this court in Biggers v. Temple Iron Works, Inc., La.App., 108 So.2d 808, on the authority of' the action taken by the Supreme Court in a similar case.
Defendant-appellee has filed a motion to dismiss plaintiff’s appeal in this case on the . ground that a period of almost two months elapsed between the date of the taking of plaintiff’s appeal and the death of the court reporter, R. T. Russ. The motion further recites that appellee was not at fault and that the remand of this case would have the effect of allowing plaintiff two trials on the same action. Conceding the correctness of these assertions, they cannot be considered as establishing valid reasons for the denial of the relief sought by appellant and to which she is clearly entitled.
The judgment appealed from is annulled and set aside and the case is remanded to the Honorable the First Judicial District Court in and for the Parish of Caddo, State of Louisiana, there to be tried de novo. All costs, including costs of this appeal, shall await final disposition of this suit.