115 P.2d 1011

**QUINTANA v. QUINTANA.**

No. 4604.

Supreme Court of New Mexico.

July 31, 1941.

Leonard C. Jones, of Espanola, for appellant.

Reese P. Fullerton, of Santa Fe, for appellee.

SADLER, Justice.

Having failed to pay attorney's fees and monthly installments for child support awarded in the final decree of divorce between the parties in which plaintiff was given custody of the minor daughter and defendant that of the two minor sons of the marriage, the plaintiff had defendant cited for contempt. After hearing, the motion for the citation was dismissed upon the trial court's finding that defendant's illness furnished good cause for his failure to pay. A little more than two months thereafter, the plaintiff levied execution on a truck apparently awarded defendant in the division of property ordered in the divorce decree. After the court had denied defendant's claim of exemption, the truck was sold and the net sum realized was applied on the defaulted installments of support money and attorney's fees.

Some six months later, the defendant's defaults continuing, the plaintiff again initiated contempt proceedings against him in which she asked also for an additional allowance to her attorney as fees for participating in the several hearings, including the one being initiated, since final decree. After hearing, the court entered its order entitled "Final Order on Rule to Show Cause", in which it found: "That the plaintiff and her attorney should be satisfied in full of their demands by the moneys received in February, 1940, from the sale of the defendant's truck; that the defendant is not in a position to further comply with this Court's order as to support money for the child awarded to the plaintiff by the previous order of this Court; and as a matter of law the Court concludes that the situation between the parties hereto is such that all matters as to property divisions, support moneys, and

attorney fees shall be considered as permanently settled as of this date."

The court then decreed accordingly.

Within twenty days the plaintiff appealed and now presents that she is aggrieved by said order: (1) in that the court attempted to relieve defendant of support money and attorney's fees accrued under its decree rendered more than a year prior thereto; and (2) in that the court erred in declining to award her attorney additional fees.

In view of the fact that the motion for citation claimed additional fees for plaintiff's attorney for services rendered subsequent to final decree and in further view of the fact reflected by the order entered that there appears to have been made issuable in the proof the question whether, under the state of facts then existing, the award of support money should not be vacated and the defendant relieved of future payments, we pass the interesting question suggested on the record as to whether an order adjudging one not guilty of civil contempt is appealable. There seems to be divided opinion. 17 C.J.S. Contempt, 159, § 120.

The plaintiff made no request for specific findings. The court made no findings except the somewhat general ones just quoted, included in the final order under review. Even they drew no specific objection from the plaintiff. The record before us contains no bill of exceptions. A stipulation, filed with the district clerk three months after the hearing, signed by counsel for the respective parties, reciting that no record having been made at the hearing, the facts set forth in the stipulation may be taken in lieu of a bill of exceptions, cannot be considered since it is not certified and is unapproved by the district judge as required by Supreme Court Rule XIII, § 8, and is otherwise defective under said rule.

Now, the plaintiff contends earnestly that the trial court erred in relieving defendant of defaulted installments awarded in the final decree of divorce for child support and attorney's fees, if it did. This is an intriguing question. The authorities are divided, particularly under statutes like ours (1929 Comp. § 68-506), reserving jurisdiction in the trial court to modify and change previous orders respecting the guardianship, care, custody, maintenance or education of minor children involved in divorce proceedings. 17 A.J. 494, § 648; 94 A.L.R. 331 (annotation). The weight of authority is said to deny the right to remit accrued installments of alimony or child support, although a respectable minority affirms the contrary. Whatever the true or better rule may be, the question is not before us for decision. In no part of the record are we able to find where the plaintiff pointed out to the trial court that it was committing error in the respect now asserted. We sit to review adverse rulings and decisions protested below in such time and manner as to enable the trial court, sensing error, to avoid its commission. We may not prop-

erly reverse judgments for errors seemingly acquiesced in below and, for aught that appears, discovered by counsel to be such subsequent to trial.

■ It is not certain that the trial court attempts by the order in question to remit the payment of defaulted installments either of child support or attorney's fees. Where there is no bill of exceptions every presumption attends the correctness of the rulings of the trial court on the facts. We do not know what testimony was adduced. We are unable to say from the record with assurance that testimony of payments may not have been adduced, thus making the net amount received for the truck sold under execution and ordered applied on defaults, the balance due to date of the hearing. However, we do not decline review on this theory.

■ In so far as the order reviewed relieves defendant of the payment of future installments for child support, the trial court had undoubted power thus to vacate the prior order, if new facts made such a change proper. 1929 Comp. § 68-506. Cf. Lord v. Lord, 37 N.M. 24, 16 P.2d 933. The evidence is not before us. In any event, the plaintiff did not challenge below the trial court's finding that defendant was no longer in a position to contribute. We thus have nothing to review in this behalf. What we have just said applies with equal force to plaintiff's grievance over the trial court's refusal to allow additional fees for services of her attorney since final decree.

■ We are not impressed, as plaintiff argues, that in making this order, the trial court attempted to shake off the continuing jurisdiction reserved to it by 1929 Comp. § 68-506, to modify and change prior orders respecting the care, custody and maintenance of minor children involved in divorce proceedings. Indeed, in the mere making of this order, it invoked such jurisdiction. The meaning of the word "permanent" as employed in describing the settlement ordered, properly may be limited to the duration of the state of facts then found to exist. If a change in conditions should occur affecting the future welfare of the minor children, the trial court has express statutory jurisdiction to modify or change any previous order in relation thereto. We apprehend it will not hesitate to exercise such jurisdiction upon a proper showing.

It follows that the order appealed from should be affirmed, and it is so ordered.

BRICE, C. J., and ZINN, MABRY, and BICKLEY, JJ., concur.