GENERAL MOTORS ACCEPTANCE CORPORATION, A CORPORATION, RESPONDENT, v. L. K. VANAUSDALL AND L. K. VANAUSDALL, JR., DOING BUSINESS AS CARUTHERSVILLE MOTOR COMPANY, APPELLANTS.— 249 SW (2) 1003:

Springfield Court of Appeals. May 28, 1952.

*Fred L. Henley* and *Von Mayes* for Appellants.

*McHaney & McHaney* for Respondent.

502

BLAIR, J.—The original petition was in replevin and for conversion against appellants and one W. L. Cain. This petition was filed in Pemiscot County and was in two counts. After plaintiff filed its amended petition and appellants, then defendants, had filed their motion to dismiss the case and their answer, the case was sent to Scott County on change of venue. There the case was tried on an agreement of the parties as to the facts involved. That agreement was known as Exhibit 5, and was as follows:

"EXHIBIT 5

"STIPULATION

"Now on this day come the parties in the above entitled cause and waiving a jury agree to submit the above cause to the Court for its determination thereof, and for that purpose agree that the following are the facts upon which the same is to be decided:

"(1) Plaintiff claims to recover from the defendants under a conditional sales agreement on which there is an unpaid balance of $1078.56.

"(2) On January 6, 1948, Mrs. Marie Wright of Joiner, Arkansas, was the owner of one 1947 Fleetmaster Chevrolet Fordor, Maroon Sedan, Motor No. EAA669070, Serial No. 3EKL65000. On the date aforesaid Mrs. Wright made application for an Arkansas license in which she described the above automobile as being a 1947 Chevrolet Aero Sedan, and license was issued under this description.

"(3) On September 7, 1948, Buchanan Chevrolet Company of Osceola, Arkansas, acquired the above described vehicle from Mrs. Wright in a trade.

"(4) On the 17th day of November, 1948, the Buchanan Chevrolet Company of Osceola, Arkansas, at its place of business in said City, sold to one Ed Yowell, of Blytheville, Arkansas, a Chevrolet automobile describing the same in a conditional sales contract as a used 1947 Chevrolet Aero Sedan, Motor #EAA66-5020, Serial #3EK-L 65000 which conditional sales contract provided the title to said property should not pass to the purchaser

until the purchase price was fully paid. The purchase price of the said automobile was $2,170.08 with a down payment of $732.-00, leaving a deferred balance due in the sum of $1,438.08, payable in twelve month installments of $119.84 commencing December 27, 1948, payable monthly on the same day of each successive month; that a copy of said conditional sales contract is hereto attached, marked 'Exhibit A', and made a part hereof.

"(5) That thereafter said Buchanan Chevrolet Company, for a valuable consideration, sold and transferred said conditional sales contract to the plaintiff, General Motors Acceptance Corporation, a corporation, who is now the owner and holder thereof.

"(6) Three payments were made under said conditional sales contract leaving an unpaid balance thereon in the sum of $1,078.56.

"(7) On the 15th day of February, 1949, the said Ed Yowell purchased a license for and registered with the Department of Revenue of Arkansas an automobile, being described in said Registration Certificate as a 1947 model Chevrolet four-door, color Maroon, Motor #EAA69020, (no serial number stated), a copy of which registration is hereto attached, marked 'Exhibit B', and made a part hereof.

"(8) On the 29th day of March, 1949, the said Ed Yowell, while still a resident of Arkansas, traded and sold to the defendants L. K. Van Ausdall and L. K. Van Ausdall, Jr., doing business as Caruthersville Motor Company, one 1947 Fleetmaster Chevrolet fordor, maroon Sedan, Motor No. EAA669070, Serial No. 2EKL-65000 and on said date transferred the Arkansas Registration Certificate described in Paragraph 7 above to the Caruthersville Motor Company.

"(9) Thereafter, on May 17, 1949, the said Ed Yowell executed a Bill of Sale to the Caruthersville Motor Company for the automobile described in Paragraph 7 above, which Bill of Sale described the automobile as a Chevrolet Fordor Sedan, Motor No. EAA669020, Serial No. 3EK-I-65000, a copy of which Bill of Sale is hereto attached, marked 'Exhibit C', and made a part hereof.

"(10) Thereafter, on or about the 17th day of May, 1949, Caruthersville Motor Company made application for a Missouri Certificate of Title upon the automobile described in Paragraph 7 above, describing the same in accordance with the Bill of Sale described in Paragraph 9 above, a copy of which application is hereto attached, marked 'Exhibit D', and made a part hereof.

"(11) On May 23, 1949, the Caruthersville Motor Company sold the said automobile purchased from Ed Yowell to W. L. Cain of Caruthersville, Missouri, and on said date W. L. Cain made application for a Missouri Certificate of Title to be issued in his name using Motor #EAA669070, Serial #3EKL65000, a copy of

said application being hereto attached, marked 'Exhibit E', and made a part hereof. Accompanying the aforesaid application by W. L. Cain was an affidavit signed by L. K. Van Ausdall, Jr. on behalf of Caruthersville Motor Company stating that the motor number as shown on the application referred to in Paragraph 10 above was erroneous in that the correct motor number was EAA669070, although the Serial Number was 3EKL65000 as stated in said application. A copy of said affidavit is hereto attached, marked 'Exhibit F', and made a part hereof.

"(12) Thereafter, on the 1st day of September, 1949, the plaintiff, General Motors Acceptance Corporation, a corporation, commenced a suit in the Circuit Court of Pemiscot County, Missouri, against these defendants and the said W. L. Cain, by the filing of its petition therein and the suing out of proper process on said date; that said suit was in two Counts, being Count I in replevin against the said W. L. Cain, and Count II in conversion against these defendants.

"(13) On the date of the commencement of said suit, that is, the 1st day of September, 1949, W. L. Cain had in his possession the automobile purchased by him from the defendants, and on said date the defendants, L. K. Van Ausdall and L. K. Van Ausdall, Jr., did not have the actual possession thereof.

"(14) Thereafter, on the 3rd day of September, 1949, a writ of summons was served on these defendants in said suit; that thereafter, on the same day, these defendants purchased from the said W. L. Cain the automobile previously sold to him; and, thereafter, on the same day process was served upon the said W. L. Cain in said suit.

"(15) Thereafter, on the 14th day of September, 1949, plaintiff dismissed said suit as to W. L. Cain and filed an amended petition therein in replevin only against these defendants, and thereafter, on the 15th day of September, 1949, a writ of replevin was served on these defendants.

"(16) Thereafter, it was agreed between the parties to said suit that the automobile replevined be sold to avoid depreciation in value and the proceeds be substituted for the automobile and be held by defendants instead or in lieu of the automobile to abide the final result of the said replevin suit then pending. Pursuant to this agreement defendants sold said automobile to Doley, Inc., of St. Louis, Missouri, for the sum of $950.00, and this sum is now held by these defendants in lieu of said automobile in accordance with said agreement.

"(17) That an Aero Sedan is only a two-door Chevrolet automobile and a Fleetmaster Sedan may be either a two-door or a four-door Chevrolet automobile; that the body style of an Aero Sedan and a Fleetmaster Sedan, whether two-door or four-door, is different, and the outward appearance of each is different.

"(18) That the correct description of the automobile replevined is: A used 1947 Model Chevrolet Fleetmaster four-door Sedan; color Maroon, Motor No. EAA669070, Serial No. 3EKL65000.

"(19) That defendants purchased the automobile described in paragraph 8 above from Ed Yowell without any actual notice of the existence of a conditional sales contract, if any, affecting the same.

"(20) None of the admissions herein contained are in any wise to affect either party or to be regarded as made, except for the purpose of the submission of this controversy and the same constitute all of the facts pertaining thereto, except that all parties reserve the right to present evidence to the Court on whether the automobile sold to Ed Yowell under the conditional sales agreement described in Paragraph 4 above is one and the same automobile sold by defendants to W. L. Cain as described in Paragraph 11 above."

We have read the evidence contained in the transcript and find that such evidence proved substantially all of the facts stated in such Exhibit 5.

Exhibit "A" referred to in Paragraph 4 of Exhibit 5, is the sales contract between Buchanan Chevrolet Company of Osceola, Arkansas, and Ed Yowell, a resident of the State of Arkansas.

Exhibit "B" referred to in Paragraph 7 of Exhibit 5, is the registration by Yowell in Arkansas of the automobile he had purchased from Buchanan Chevrolet Company.

Exhibit "C" referred to in Paragraph 9 of Exhibit 5, is a bill of sale from Yowell to Caruthersville Motor Company.

Exhibit "E" referred to in Paragraph 11 of Exhibit 5, is the application of Caruthersville Motor Company for a Missouri Certificate of Title to the automobile described in Paragraph 7 of said Exhibit 5.

Exhibit "E" referred to in Paragraph 11 of Exhibit 5, is the application of E. L. Cain for registration of that automobile in Missouri.

Exhibit "F" referred to in Paragraph 11 of Exhibit 5, is the affidavit of defendant L. K. Van Ausdall, Jr., as to the error in the motor number of the automobile sold by defendants and that the serial number thereof is correct.

Ed Yowell, who executed the bill of sale to defendants, known as Caruthersville Motor Company, was not competent as a witness to relate the circumstances or to prove the identity or lack of identity of the automobile in question.

On June 11, 1951, the trial court entered its findings and order as follows:

"Now on this day in open Court, this cause is again taken up and submitted to the Court, and the Court finds the issues for the

plaintiff and against defendants on Count #2 of plaintiff's petition, and the Court further finds for the defendants and against the plaintiff on Count #1 of plaintiff's petition,. and the Court further finds that plaintiff should recover judgement against the defendants in the sum of Nine Hundred and Fifty ($950.00) Dollars, and its costs.

"IT IS, THEREFORE, ORDERED, CONSIDERED AND ADJUDGED BY THE COURT, that plaintiff recover of and from the defendants the sum of Nine Hundred and Fifty ($950.-00) Dollars, and its costs herein expended."

Defendants filed their motion for new trial, which was overruled June 21, 1951. They have appealed to this Court.. In their brief defendants urge seven assignments of alleged error, which they now contend entitle them to a reversal of the trial court's judgment.

In view of said Exhibit 5 and the authorities cited by plaintiff in its brief, we decline to enter into a consideration of those assignments of alleged error.

The stipulation of facts, (Exhibit 5, set out in full above) was filed before this case was tried in Scott County. The facts are plainly set forth and are therein fully agreed upon. The losers in such a law suit, who are parties to such stipulation, should not be heard to object to the proceedings or to the findings of facts by the trial court, if such findings are supported by substantial evidence.

. If the trial court should have rendered judgment for defendants on the pleadings, the time to urge such objection was before the stipulation as to the facts was entered into. A party cannot gamble on the view to be taken by the trial court and then assert that the view finally arrived at by such trial court was erroneous. Nor can defendants now be heard to complain that the pleadings had not been reformed in equity. Neither can defendants now be heard on their complaint that improper evidence was admitted.

According to Exhibit 5, the replevin suit against W. L. Cain had been disposed of when the stipulation was signed and filed. The defendants cannot now complain that a money judgment was rendered for plaintiff, when the facts they had stipulated provided that a money judgment should take the place of the automobile itself.

The case was tried on the facts stipulated in Exhibit 5. The facts stipulated therein bind both plaintiff and defendants. Since Exhibit 5 was filed there was no occasion for notice to any party of the filing of a new petition, setting forth the transactions, occasions or events which had happened "since the date of the pleading sought to be supplemented." Section 509.510 R. S. Mo. 1949.

When the parties agreed in the stipulation, known as Exhibit 5, that certain facts existed, we see no possibility that either party to such stipulation can now be heard to say that the facts were otherwise than as so stipulated. Hammontree v. Huber, 39 Mo. App. 326;

Slaughter v. Protective League Life Insurance Co., 223 S. W. 819, 205 Mo. App. 352; Maryland Casualty Company v. Dobbin, 108 S. W. (2d) 166, 232 Mo. App. 557.

The evidence in the transcript and the stipulation as to the facts were sufficient to sustain the finding of the trial court that the automobile, upon which the Buchanan Chevrolet Company of Osceola, Arkansas, held a conditional sales contract from Ed Yowell, was the same automobile purchased from Ed Yowell by defendants L. K. Van Ausdall and L. K. Van Ausdall, Jr., as the Caruthersville Motor Company. That evidence and those stipulated facts were sufficient to put the right of possession of such automobile, and the fund put up in lieu thereof, in the plaintiff, the assignee of the Buchanan Chevrolet Company of Osceola, Arkansas. It is so ordered. *Vandeventer, P. J,* concurs in result. *McDowell, J.,* concurs.