261 P.2d 645

## SOUTHERN UNION GAS CO. v. CANTRELL et al.

### No. 5612.

Supreme Court of New Mexico.

Oct. 2, 1953.

K. Gill Shaffer, Albuquerque, for appellants.

Smith & Smith, Clovis, Robert M. Martin, Jr., Dallas, Tex., for appellee.

LUJAN, Justice.

This action was before the court in the case of Southern Union Gas Company v. Cantrell, 56 N.M. 184, 241 P.2d 1209. The action was tried and resulted in judgment for appellee. Upon appeal to this court the judgment was reversed and the cause remanded, with directions to the district court to dissolve the injunction issued by it and to render judgment for the appellants. It will not be necessary to restate the facts, which are fully reviewed in the original trial. At the beginning of the trial, the following incidents alleged to constitute a stipulation took place:

"Mr. Smith: I wonder if we might discuss this case just shortly and agree on the issues. If the Court please, the case is brought by injunction to enjoin the Defendants from construction of a dwelling house on the main line of the gas—Southern Union Gas line into Portales. The house to be constructed was on premises owned by the Defendants. We, on behalf of the Plaintiff allege prescriptive easement and a right to maintain the line across the Defendants' premises. We also allege in there, that if the right did not exist, that we have the right by condemnation; but the defendants answer setting up an answer of damages, that the line is across his premises and seeks to recover damages, and it occurs to us at this time that if the Defendants are willing that we will agree to submit the entire question of the ownership of the easement and also the question as to whether or not the defendant is to recover judgment at this time, for the reason, if condemnation proceedings were necessary it would necessitate the appointment of appraisers and finally coming back to the Court and we would be the next time right where we are now, and I think we can dispose of the entire case at this time by discussing the matter of damages. We won't waive any of our rights. We maintain that the defendant is not entitled to recover damages, but we would like to have all the questions incidental to the case litigated at this one time. I don't think we would be, any of us, in better position to have one hearing now, and a hearing later after appraisement.

"Mr. Compton: If the Court please, that is about a true statement of the case as it is, except the Defendants have answered saying that there is no prescriptive easement here, and that is one point that will have to be determined; but if I recall, on the other hearing on the motion two or three weeks ago, the defendants stipulated that this statement by Mrs. Lowrey Jones is a true statement, and that is what she would testify to if she were present.

"Mr. Martin: That's correct, that is the stipulation as I recall it."

The colloquy between counsel was in effect a stipulation, and the language of the findings is a correct presentation of the actual occurrence. The findings of fact are as follows:

"1. That it was stipulated in open court, by and between the parties plaintiff and defendant, at the original trial of said cause, that in the event the issues should be held against plaintiff upon its Cause of Action Number One, then the Court should consider the evidence of damage to defendants intro-

duced at said trial in fixing the amount due defendants as for the taking of an easement for the right of way for a gas transmission line and the maintenance thereof over and across defendants' land, which said land is described as follows: * * * said easement being for the laying and maintenance of the gas distribution line as same is now in place across defendants' land; and that said stipulation is now binding upon plaintiff and defendants.

"2. That plaintiff, Southern Union Gas Company, is a corporation duly incorporated under the laws of the State of Delaware, and authorized to do business in the State of New Mexico, and authorized by franchise of the County Commissioners of Roosevelt County, New Mexico, to conduct the business of a gas utility in said county.

"3. That plaintiff is entitled to its remedy under and by virtue of its right of eminent domain as granted under the laws of the State of New Mexico, New Mexico Statutes Annotated, 1941, Sections 72–104, 54–801 and 54–1008.

"4. That, as aforesaid, plaintiff and defendant stipulated, in open court, at the time of the original trial of this cause, that the damages accruing to defendants by reason of the taking of said right of way should *by* determined by the Court from the evidence introduced at said trial."

The stipulation made by the parties in the presence of the court at the commencement of the trial was properly accepted by the court as an agreement of the issues tendered by the pleadings and were to be determined in this action. Accordingly the court received evidence relating to those issues.

At the conclusion of plaintiff's case, counsel stated:

"Mr. Smith: If the Court please, at this time our theory of the case is that the burden is on us to prove the easement by prescription, and that is all the evidence that we care to introduce at this time. On the question of damages the burden rests with the defendant. With that in mind, we will rest at the present time."

It is obvious that counsel understood the significance of the stipulation for he proceeded to introduce evidence touching all issues involved in the litigation as well as the question of damages.

The stipulation certainly tended to prevent another trial and a multiplication of expenses of attending the same and of court costs. Courts look with favor upon stipulations designed to simplify, shorten, or settle litigation and save time and costs to the parties, and such stipulations will be

encouraged by the courts, and enforced by them, unless good cause is shown to the contrary. The general rule is stated in 50 Am. Jur. Section 12, page 612, as follows:

"The courts look upon stipulations with favor, and, as a rule, will enforce all stipulations of parties or their attorneys for the government of their conduct or the control of their rights in the trial of a cause or the conduct of litigation, if such stipulations are not unreasonable, not against good morals or sound public policy, are within the general scope of the case made by the pleadings, and are in such form as may be required by rule of court or statutory enactment. It is generally considered that stipulations which tend to expedite the trial should be enforced unless good cause is shown to the contrary."

In Smith v. Smith, 90 Fla. 824, 107 So. 257, 260, the court, discussing the force and effect of stipulations fairly and voluntarily entered into between the parties, said:

"The making of such stipulations as the one here involved should be encouraged rather than discouraged, to facilitate the progress of causes and save the time of the courts, and, aside from the sanctity accorded by the courts to contractual obligations generally, it would appear to be a wise policy for the courts to recognize and enforce such stipulations between the parties when fairly and voluntarily entered into, unless good cause to the contrary be reasonably and properly brought to the court's attention. If such stipulations, when reasonable and made in good faith, are not respected and enforced by the courts, counsel and litigants would hesitate to enter into them."

The stipulation there referred to was in regard to alimony pendente lite and solicitor's fees, but we discern no reason why the argument and rule stated in that case should not apply with equal force to the one now under consideration.

▆▆▆ Regarding the construction and interpretation of same the general rule is stated in 50 Am.Jur.Section 8, page 609, as follows:

"As a general rule, stipulations should receive a fair and liberal construction, in harmony with the apparent intention of the parties and the spirit of justice, and in the furtherance of fair trials upon the merits, rather than a narrow and technical one calculated to defeat the purposes of their execution." On page 610 it is said:

" * * * In cases of doubt, appellate courts strongly incline toward the construction adopted by the trial court."

It follows from what has been said that the action of the trial judge in giving effect to the stipulation was correct, and that such stipulation is binding upon the parties to this suit.

The judgment will be affirmed.

It is so ordered.

SADLER, C. J., and McGHEE, J., concur.

COMPTON and SEYMOUR, JJ., not participating.