107 So.2d 704

Bobby Jean Robinson HARPER

v.

Samuel B. HARPER.

No. 44329.

Dec. 15, 1958.

questionably reflects was done in the present case.

Love & Rigby, Shreveport, for defendant-appellant.

Morgan, Baker, Skeels, Middleton & Coleman, Shreveport, for plaintiff-appellee.

FOURNET, Chief Justice.

Samuel B. Harper, alleging that he had been granted a suspensive and devolutive appeal from a judgment granting his wife a separation from bed and board and alimony and that Mr. Robert T. Russ, the court reporter who took down the testimony during the trial of this case, died before he had an opportunity to transcribe his notes, thus making it impossible for appellant to complete the record, filed a motion to remand this case to the lower court for a new trial in order that the evidence may be taken down and brought to this court for inspection and consideration. Appellee admits that the foregoing facts are true and correct, but opposes the motion on the ground that appellant failed to comply with the provisions of Articles 601, 602 and 603 of the Code of Practice.[1]

Under the provisions of Article 906 of the Code of Practice [2] appellant is clearly

[1.] 601. *"Taking down testimony in writing.*—Either party may require the clerk to take down the testimony in writing, which shall serve as a statement of facts, if the parties should not agree to one."

602. *"Statement of facts—Preparation by parties.*—When the deposition of witnesses have not been taken in writing in the inferior court, the party intending to appeal, or his advocate, must require the adverse party or his advocate, to draw, jointly with him, a statement of the facts proved in the cause, and this statement thus drawn and signed, either by the parties or their advocates, shall be annexed to the records, and a transcript of the same transmitted to the Supreme Court."

603. *"Statement of facts—Preparation by court—Parties disagreeing.*—

If the adverse party, when required to do so, refuse to join in making out the statement of facts, or if the parties can not agree as to the manner of drawing the same, the court, at the request of either, shall make such statement according to their recollection of the facts, or from the notes they have taken of the evidence."

[2.] 906. *"Reversing and remanding case.*—But if the court shall think it not possible to pronounce definitively on the cause, in the state in which it is, either because the parties have failed to adduce the necessary testimony, or because the inferior court refuse to receive it, *or otherwise,* it may, according to circumstances, remand the cause to the lower

entitled to the relief sought here. Duprat v. Powell, 162 La. 859, 111 So. 259; Dreher v. Guaranty Bond & Finance Co., 188 La. 421, 177 So. 259. From a mere reading of Articles 601, 602 and 603 of the Code of Practice it is readily seen that they are inapplicable where the testimony of the witnesses has been taken down in writing as in the instant case. See Kenabrew v. Schneider, La.App., 45 So.2d 555; St. Romain v. Bordelon, La.App., 77 So.2d 421.

The judgment appealed from is annulled and set aside, and the case is remanded to the trial court to be tried de novo; all costs, including costs of this appeal, to await the final disposition of the suit.

court, with instructions as to the testimony which it shall receive, to the end that it may decide according to law." (Emphasis supplied.)