Herman Moss, Plaintiff-Appellant, v. B. N. Hunding and Charles Ringer Company, a Corporation, Defendants-Appellees.

Gen. No. 47,916.

First District, Third Division.

September 14, 1960.

Alexander J. Reiff, David Reiff, and David S. Pochis, of Chicago, for appellant.

Hinshaw, Culbertson, Moelmann, and Hoban, of Chicago (Oswell G. Treadway, of counsel) for appellees.

MR. PRESIDING JUSTICE SCHWARTZ delivered the opinion of the court.

This is an appeal from an order in a personal injury action granting defendants' motion for summary judgment.

Plaintiff was the lessee and defendants were the lessors of an apartment in a multiple dwelling on Paxton Avenue in Chicago. At the time of the accident plaintiff was paying a condolence call on a neighbor in the latter's apartment in the same building. While there, plaintiff was struck on the head by falling plaster, allegedly caused by defendants' negligence. The question presented to us is whether under such circumstances an exculpatory clause in the plaintiff's lease is applicable.

Defendants attached the lease to their answer. In their motion for summary judgment they rely upon

the exculpatory clause as a complete defense. It reads as follows:

> "8.—Neither the Lessor nor his agents shall be liable for damages, to the Lessee or to any person claiming through Lessee (nor shall rent be abated) for injury to person or damage to or loss of property wherever located from any cause or for damage claimed for eviction, actual or constructive; this provision includes particularly but not exclusively all claims arising from the building or any part thereof being or becoming out of repair including appurtenances, equipment, furnishings, fixtures or apparatus located in the demised premises or in the building or premises of which said demised premises are a part, or from any act or neglect of Lessor or his agent or of any tenant or occupant of such building or of the premises of which said building is a part, or of the neighboring property."

Plaintiff contends that the clause is inapplicable to his present action because the wrong of which he complains was committed by lessors in circumstances outside of the lessor-lessee relationship. This is so, he argues, because his presence in a neighbor's apartment was not dependent upon the lease, but upon the implied invitation of his neighbor to which lessors are deemed to have assented. Defendants contend that the clause applies to plaintiff regardless of where he was in the building or what he might have been doing at the time of the accident.

 As lessee, plaintiff was granted certain rights, obligations and privileges with regard to the demised premises, and when upon the leased premises, he was there presumably by reason of his status as lessee. He also had rights and privileges with regard to the common areas, control of which was retained

by lessors for the benefit, use and enjoyment of all their tenants, as incidents of their tenancies. 1 Tiffany, Landlord & Tenant, sec. 89, at pages 628–29. A tenant may also have the status of invitee of another tenant upon the latter's premises without color of a lessee's interest, just as would a stranger to the lease. An invitee of a lessee is also an implied invitee of the lessor. Shiroma v. Itano, 10 Ill.App.2d 428, 135 N.E.2d 123.

In the instant case, plaintiff had no right under his own lease to enter premises demised to his neighbor, but was visiting on those premises by the express or implied invitation of that neighbor, without reliance upon or connection with his own lessor-lessee relationship to defendants. The question then arises whether the exculpatory clause means that it should apply to plaintiff no matter where or in what connection he might be in the building.

■■■ Before examining the provision itself, we will state certain rules of construction applicable to leases. Any doubt or uncertainty as to the meaning of the language in a lease will be construed most strongly against the lessor. Goldberg v. Pearl, 306 Ill. 436, 138 N. E. 141. A construction should be reasonable, the most equitable to the parties, and should give neither an unfair advantage. Llewellyn v. Board of Education Cicero-Stickney High School Tp. Dist., 324 Ill. 254, 259, 154 N. E. 889. The lease will not be construed to include terms which would give it a harsh and oppressive meaning. Baumgarden v. Bradshaw, 169 Ill. App. 639; Fisher v. Jansen, 30 Ill. App. 91, 93. An agreement protecting one from the consequences of his own negligence must be in clear and explicit language or expressed in unequivocal terms. Westinghouse Elec. Elevator Co. v. LaSalle Monroe Bldg. Corp., 395 Ill. 429, 433, 70 N.E.2d 604. An exculpatory clause such as the one herein involved will be strictly

construed. Valentin v. D. G. Swanson & Co., 25 Ill. App.2d 285, 167 N.E.2d 14. Other terms of the lease may be considered in weighing the parties' intent with regard to the particular clause in question. Szulerecki v. Oppenheimer, 283 Ill. 525, 119 N. E. 643.

We will now examine the lease in the light of these rules. It is a form lease with blanks for the filling in of the particular description of the tenancy and of rental terms. Following this there are twenty-four provisions in small print, practically all of which are covenants in favor of the lessors and practically all of which deal with the special relationship between lessor and lessee. Clause Number 8 is among them. The first part of that clause begins with the language that neither the lessor nor his agents shall be liable to the lessee for injury to person or damage to or loss of property wherever located, from any cause. It should be noted that in this clause, as in almost every other, the parties are referred to only in their legal relationship as created by the estate, that is, as lessor and lessee. Following this general clause is the particularized language on which defendants principally rely, that is, that this provision shall include "particularly, but not exclusively, all claims arising from the building or any part thereof being or becoming out of repair . . . or from any act or neglect of lessor or his agent. . . ."

The purpose of the lease is the establishment and governance of a lessor-lessee relationship. The obvious nexus between the signatories is that of grantor and grantee of an estate, the estate being the principal object and primary subject over which the lease sets forth its conditions and regulations. The intention that lessee shall be bound only in his status as lessee is manifest.

If we were to construe the clause as having the broad and unrestricted meaning urged by defendants, it

would relieve the lessors of liability for intentional torts committed by them or their agents upon the tenant or of liability for injuries occurring in other instances where, as here, the lessee's presence in the building has no connection with his tenancy. Such an interpretation would be unreasonable and oppressive.

■ Looking at the lease in its entirety, we construe the clause as limited to such causes of action as may arise out of the lessor-lessee relationship, and it is not applicable to the instant case.

Defendants' argument that an identical exculpatory clause in a residential lease has been held valid by the Supreme court of this state in O'Callaghan v. Waller & Beckwith Realty Co., 15 Ill.2d 436, 155 N.E.2d 545, and that the discussion in that case is controlling here, is without merit. It must be noted that the plaintiff in the O'Callaghan case did not question the applicability of the clause to the circumstances of the accident there involved, but conceded that the clause was applicable and would bar her recovery if the court found the clause to be valid. 15 Ill.2d at 438, 155 N.E.2d at 546. When, therefore, the Supreme court stated in its opinion (page 438) that the clause was not amenable to the strict construction to which such clauses are frequently subjected, what was meant was that the court had no occasion in that case to construe the clause.

The judgment is reversed and the cause is remanded with directions to overrule the motion for summary judgment and for such other proceedings as are not inconsistent with the views herein expressed.

Judgment reversed and cause remanded with directions.

McCORMICK and DEMPSEY, JJ., concur.