411 P.2d 978

**COMMERCIAL WAREHOUSE COMPANY, a corporation, Plaintiff-Appellant,**

**v.**

**HYDER BROTHERS, INC., a corporation, Defendant-Appellee,**

**Ralston Purina Company, Intervenor-Appellant.**

**No. 7513.**

Supreme Court of New Mexico.

May 17, 1965.

On Rehearing Feb. 7, 1966.

Rehearing Denied Feb. 25, 1966.

Noble, J., dissented on second motion for rehearing.

Beasley & Colberg, Albuquerque, for appellant Commercial Warehouse Co.

Paul A. Phillips, Albuquerque, for intervenor-appellant Ralston Purina Co.

Marron & Houk, Threet, Threet, Glass & King, Albuquerque, for appellee.

ON MOTION FOR REHEARING

PER CURIAM.

Upon consideration of motion for rehearing the opinion heretofore filed is withdrawn and the following substituted therefor:

MOISE, Justice.

In a case filed in the Small Claims Court of Bernalillo County, plaintiff-appellant sought damages for defendant-appellee's alleged negligence whereby plaintiff suffered loss through water entering premises leased

by plaintiff from defendant. Intervenor-appellant likewise sought damages suffered to its property stored in the premises by arrangement with plaintiff. From a judgment for plaintiff and for intervenor, the defendant appealed to the district court where the small claims court decision was reversed. Plaintiff and intervenor appeal from this action of the district court.

The record discloses that no transcript of the testimony in the small claims court was available in the district court because the reporter's notes had been inadvertently destroyed and the whereabouts of the reporter were unknown. Plaintiff and intervenor moved for dismissal of the appeal, or affirmance. However, the district court ordered the case remanded to the small claims court for retrial unless the attorneys would stipulate the substance of the testimony upon which the small claims court decision was based, in which event the appeal would be considered. Counsel did stipulate to a "summary of the evidence adduced at the trial and not controverted," while at the same time it was agreed that plaintiff and intervenor did not thereby waive "their exceptions to the District Court's ruling that it could not decide the appeal on the record as it existed at the time of said ruling."

We must first determine if the district court was correct in its holding that the case would be remanded for retrial because no transcript was available, or if it should

have affirmed the small claims court judgment.

 We dispose of this issue by simply pointing out that the transcript covering the trial in the small claims court was unavailable without any fault of defendant. § 16–5–12, N.M.S.A.1953, is a clear legislative expression that small claims court decisions shall be subject to review on appeal to the district court. Although this is the first time we have been called upon to pass on the effects of a failure to supply a record required for review, we are impressed that we have here a proper case for application of a general rule followed in most jurisdictions, that where without fault of an appellant a nonjurisdictional defect such as that here present prevents review in the appellate court; a new trial will be granted. Reynolds v. Romano, 96 Vt. 222, 118 A. 810; Harper v. Harper, 236 La. 458, 107 So.2d 704. See notes in 19 A.L.R.2d 1098; 107 A.L.R. 603; 16 A.L.R. 1158, and 13 A.L.R. 102. We are not unaware that some states hold otherwise. Neither do we overlook decisions such as Norment v. Mardorf, 26 N.M. 210, 190 P. 733; Buchanan v. Carpenter, 65 N.M. 389, 338 P.2d 292, and Flores v. Duran, 68 N.M. 42, 357 P.2d 1091, holding that on appeal to this court the appellant is responsible to see that the record is properly prepared and filed. In the instant case, however, without considering if the same rules as apply on appeals from district court to this court are applicable

in appeals from the small claims court to the district court, we have no difficulty in concluding that the district court ruled correctly when it ordered the case remanded for a new trial.

■ It follows that, having stipulated to the facts in order to avoid a remand and the consequent trouble and delay, plaintiff and intervenor should not now be heard to question the right of the district court to consider the stipulation in lieu of a transcript of the evidence. § 16–5–12, supra, provides that upon an appeal being taken, the clerk shall prepare and transmit to the district court, among other things, a transcript of the evidence. There is no provision for settling the same as a bill of exceptions as required under our Rule 13(4), (5) (§ 21–2–1(13) (4), (5), N.M.S.A.1953) in appeals from the district court to this court. Neither is there any limitation such as applies in appeals to this court contained in Rule 13(8) (§ 21–2–1(13) (8), N.M.S.A. 1953) requiring approval and certification by the trial judge before an agreed statement of facts and proceedings stipulated by the parties may be filed as a bill of exceptions. See Quintana v. Quintana, 45 N. M. 429, 115 P.2d 1011; In re Guardianship of Caffo, 69 N.M. 320, 366 P.2d 848. Under the circumstances, we see no reason for not holding the parties bound by stipulations freely and voluntarily entered into. In Southern Union Gas Co. v. Cantrell, 57 N.M. 612, 615, 261 P.2d 645, 647, we stated:

"The stipulation certainly tended to prevent another trial and a multiplication of expenses of attending the same and of court costs. Courts look with favor upon stipulations designed to simplify, shorten, or settle litigation and save time and costs to the parties, and such stipulations will be encouraged by the courts, and enforced by them, unless good cause is shown to the contrary. * * *"

The instant case presents a situation for application of the quoted language.

Intervenor suggests that it was coerced into stipulating. However, we are not convinced by this assertion. By refusing to stipulate, a retrial, and nothing more, would have resulted. Evidently it was considered preferable to let the district court rule on the merits as disclosed by the stipulation, if plaintiff and intervenor were wrong in their contention that the district court should affirm the case or dismiss the appeal because of the absence of a transcript. The court having ruled correctly in ordering a remand and a new trial because of the absence of a transcript of the evidence, the parties should not now be heard to withdraw their concurrence in the stipulation, or to question the facts to which they were agreed. Compare Wilson v. Rowan Drilling Co., 55 N.M. 81, 227 P.2d 365.

From the stipulation we glean the following facts: Plaintiff leased the warehouse

premises known as 516 First Street, N.W. from defendant. The written lease signed by them contained the following provision:

"That the lessor shall not be liable for any damage to said leased premises, or to any part thereof, or to any property or effects therein, caused by leakage from the roof of said premises or by bursting, leakage or overflowing of any waste pipes, water pipes, tanks, drains, or stationary washstands, or by reason of any damage whatsoever caused by water from any sources whatsoever."

The defendant owned another warehouse known as 510 First Street, N.W., immediately adjacent to the leased premises, and part of the same building. Some time prior to plaintiff's entering into occupancy of 516 First Street, N.W., defendant had leased both warehouses to one tenant, who had employed a plumbing contractor who made certain water connections in the two buildings and was paid for his work by defendant. When 510 First Street, N.W. was vacated, defendant had the water in that part of the building shut off at the meter. However, without knowledge of either plaintiff or defendant, a lavatory in the front of the vacant warehouse was connected on the meter serving the warehouse occupied by plaintiff and was not shut off. Prior to January 3, 1959, the vacant warehouse had been broken into through a rear door several times, and plaintiff had noti-

fied defendant, but defendant did not secure the door and on January 3, 1959 it was ajar. On that date, during an extremely cold spell, the water pipe connected to the lavatory in the vacant southerly building froze and burst, causing water damage in an agreed amount to plaintiff and also to property or goods of intervenor stored with plaintiff.

The district court entered an order which recited that it concluded "as a matter of law that the uncontradicted facts stipulated by the parties will not support a judgment against defendant for negligence," reversed the small claims court judgment and ordered the complaint and complaint in intervention dismissed with prejudice.

Under § 16–5–12, supra, "the findings of fact made by the small claims court, within its powers, shall be conclusive and binding," and the only question before the district court here would be whether the facts as shown by the stipulation as a matter of law would "not justify the entering" of the judgment for plaintiff and intervenor. Stated differently, did the stipulation disclose substantial proof from which the small claims court could find defendant negligent and liable for damages as a result thereof?

We must first consider if the lease provision quoted, supra, wherein plaintiff-tenant and defendant-landlord agreed that defendant should not be liable to plaintiff for damages to the leased premises or prop-

erty therein caused by leakage from bursting water pipes or "caused by water from any source whatsoever," absolved the defendant of liability. Such a provision is known in the law as an "exculpatory clause."

It is the prevailing rule that exculpatory clauses in leases must be strictly construed against the landlord. See Strothman v. Houggy, 186 Pa.Super. 638, 142 A.2d 769; Bauer v. 141–149 Cedar Lane Holding Co., 42 N.J.Super. 110, 125 A.2d 884, and annotation appearing in 84 A.L.R. 654, and 26 A.L.R.2d 1044, 1054. Where an exculpatory clause does not clearly exonerate a landlord from his negligence, a tenant's claim for damages ordinarily will not be barred. See Bauer v. 141–149 Cedar Lane Holding Co., supra; Freddi-Gail, Inc. v. Royal Holding Corp., 34 N.J. Super. 142, 111 A.2d 636; and Kuzmiak v. Brookchester, Inc., 33 N.J.Super. 575, 111 A.2d 425.

Although the language of the clause here present in the lease may differ from those generally encountered in the cases, we perceive no ambiguity therein. Usually, the language excuses the landlord from responsibility for damages suffered by a tenant regardless of "cause" which includes negligence and is generally upheld. Eastern Avenue Corporation v. Hughes, 228 Md. 477, 180 A.2d 486. We see no real difference or distinction because here the language used provided that the landlord was protected, regardless of "source" of the water causing the damage. The words chosen clearly evidence an intent to fully absolve the defendant from liability for any and all damage from water including damages resulting from or caused by negligence. Under such circumstances, the majority of states hold the clauses valid and enforceable, and deny liability. There is nothing in the nature of this agreement, excusing the landlord from liability to his tenant, which can be considered as against public policy, Eastern Avenue Corporation v. Hughes, supra, and we see no reason not to give the provisions the same effect as is given to all other provisions of valid agreements.

That there is a minority rule and differences in the application given to specific language we appreciate; also, whether the same rule would apply under the clause here involved where intentional conduct or gross or wanton negligence is present, we do not consider or decide. See annotation in 84 A.L.R. 654; 175 A.L.R. 8, 83; 26 A.L.R.2d 1044, 1054–56; Rest. of Contracts, §§ 574–75; 6A Corbin on Contracts, § 1472, at 596; 6 Williston on Contracts (Rev.Ed.) § 1751B.

While supporting plaintiff in its argument concerning the validity and effect of the exculpatory clause, intervenor points out that even if our decision on this point

is contrary to plaintiff's contention, nevertheless the intervenor would be entitled to recover because not a party to the lease containing the clause. The clause is one binding on the parties, but it cannot be extended so as to deprive intervenor who was not a party thereto of any rights he may have arising out of the landlord's negligence. Valentin v. D. G. Swanson & Co., 25 Ill. App.2d 285, 167 N.E.2d 14; Moss v. Hunding, 27 Ill.App.2d 189, 169 N.E.2d 396; Koehler v. Southmoor Bank and Trust Co., 40 Ill.App.2d 195, 189 N.E.2d 22; H. K. Porter Co. v. Halperin (C.A. 7, 1961) 297 F.2d 442; 2 Powell on Real Property, § 240, p. 280.

 Having so determined, it still remains for us to consider whether the court erred when it concluded that "the uncontradicted facts stipulated by the parties will [would] not support a judgment against defendant for negligence," and thereupon dismissed the action with prejudice. It is intervenor's position that only the "uncontradicted" facts were stipulated; that additional facts had been presented in the small claims court which were not stipulated, and that accordingly the district court should have remanded the case, even if it is conceded that the stipulated facts did not establish negligence. With this position we cannot agree. The stipulation of facts was entered into with the obvious purpose of avoiding a remand for a new trial. We do not see how it can now be contended that because *all* facts were not stipulated, the court could not rule on the merits. Intervenor has argued that it was error for the court to remand the case for a new trial because of the absence of a record, with a proviso that if the parties would stipulate the facts he would decide the issues. No error being present in this regard, and intervenor having stipulated to avoid a remand, should it now be heard to say that notwithstanding the stipulation the case should nevertheless be remanded since the facts were not all stipulated, and negligence could be established by additional proof? We think not. See Southern Union Gas Co. v. Cantrell, 57 N.M. 612, 261 P.2d 645; Elder v. Delcour, 364 Mo. 835, 269 S.W.2d 17, 47 A.L.R.2d 370; General Motors Acceptance Corp. v. Van Ausdall, 241 Mo.App. 499, 249 S.W.2d 1003; Morey v. Redifer, 204 Or. 194, 264 P.2d 418, 282 P.2d 1062.

Intervenor also contends that the stipulated facts would have supported a finding of negligence on the part of defendant and a judgment in favor of intervenor. Even though for the sake of argument this might be conceded, the fact remains that the court was not disposed to find negligence. Rather it found insufficient facts upon which to make such a finding. The court having failed to find negligence on the part of the defendant landlord, intervenor cannot recover.

It follows that judgment of the district court should be affirmed. It is so ordered.

CHAVEZ and NOBLE, JJ., concur.

## ON SECOND MOTION FOR REHEARING

MOISE, Justice.

By second motion for rehearing intervenor has called our attention to the following pronouncement in our opinion on rehearing which it asserts is fallacious and results in an erroneous conclusion:

> "Intervenor also contends that the stipulated facts would have supported a finding of negligence on the part of defendant and a judgment in favor of intervenor. Even though for the sake of argument this might be conceded, the fact remains that the court was not disposed to find negligence. Rather it found insufficient facts upon which to make such a finding. The court having failed to find negligence on the part of the defendant landlord, intervenor cannot recover."

Having considered the arguments on the motion, we have concluded that the language quoted above was inadvertent and in error, and that we should correct it. Accordingly, it is withdrawn and in lieu thereof the following disposition of intervenor's claim is made.

Intervenor contends that the stipulated facts would have supported a finding of negligence on the part of defendant and a judgment in favor of intervenor. The trial court found intervenor's damage resulted from defendant's negligence. However, the district court, on appeal, determined that "the uncontradicted facts stipulated by the parties will not support a judgment against defendant for negligence" and reversed the trial court. We, in turn, must consider whether the district court applied the proper rule in its determination of the case.

■ We are impressed that in our review, we are as well situated as was the district court to make this determination and, under the review procedure outlined in Valdez v. Salazar, 45 N.M. 1, 107 P.2d 862, we may consider the findings of the small claims court and weigh the stipulated facts to determine whether the judgment was supported by the facts.

■ The district court review is limited by § 16-5-12, N.M.S.A.1953, to questions of law, and the findings of fact made by the small claims court, within its powers, are binding and conclusive. If the facts shown by the record do not support the small claims court's judgment or order, the district court may modify, reverse, remand for rehearing, or set it aside. Under the circumstances here present, the district court was within its rights in making its own determination on the facts, there being none to pass on except those shown in the stipulation. We do not understand, however, how the district court could say that

the facts would not support a finding that defendant was negligent.

As already pointed out, there is no dispute that defendant owned and controlled the adjoining premises and had employed an independent contractor to install the additional facilities. Neither is there any question that the damage was caused by defendant's failure to turn the water off in the lavatory. This failure was occasioned because the pipes serving such lavatory, when installed by the independent contractor, were connected to a different meter from that to which the rest of the building was connected. Evidence is also uncontroverted that a door of the building was open and had not been repaired after a break-in, although defendant had been informed of that fact. In the light of this uncontradicted proof there can be no question that a finding of negligence would be amply supported. When this evidence is weighed with the findings of the trial court, we conclude that

the trial court's conclusion that the damage was caused by defendant's negligence was not error.

Having so concluded, the rule of Valdez v. Salazar, supra, requires a reversal of the district court and affirmance of the small claims court's judgment insofar as the claim of intervenor is concerned.

It follows that insofar as the opinion on rehearing affirmed the judgment against intervenor, the same was in error, and we now conclude that the judgment of the district court holding in favor of defendant and against intervenor should be reversed and the cause remanded with instructions to affirm the small claims court's judgment in favor of intervenor.

It is so ordered.

CARMODY, C. J., and CHAVEZ and COMPTON, JJ., concur.

NOBLE, J., dissenting.