686 P.2d 254

Terry PEAY, Erik Von Barnekow and Alexandra Von Barnekow, Plaintiffs-Appellants,

v.

Armand ORTEGA and Colleen Ortega, Husband and Wife, Defendants-Appellees.

No. 15026.

Supreme Court of New Mexico.

July 19, 1984.

Rehearing Denied Aug. 22, 1984.

Randolph B. Felker, Felker, McFeeley & Ish, Santa Fe, for plaintiffs-appellants.

J.E. Gallegos, Steven L. Tucker, Jones, Gallegos, Snead & Wertheim, Santa Fe, for defendants-appellees.

## OPINION

FEDERICI, Chief Justice.

This action was brought in the District Court of Santa Fe County for specific performance of a real estate agreement and for damages. After two days of trial by jury, the jury was discharged and the case was tried by the judge. The judge entered judgment denying relief. Plaintiffs-appellants, Terry Peay (Peay), Erik Von Barnekow and Alexandra Von Barnekow (Von Barnekow) appeal. We reverse.

Pursuant to NMSA 1978, Civ.P. Rule 39(b) (Repl.Pamp.1980) and a stipulation between the parties, Peay and appellees-defendants Armand Ortega and Colleen Ortega (Ortegas), the district court ordered a trial by jury. After two days of testimony, the trial judge discharged the jury and determined that the issues were equitable issues and that the judge and not the jury would hear the case. After discharging the jury the trial judge then proceeded to try the entire case and to enter judgment on the merits for defendants.

NMSA 1978, Civ.P.Rule 38(a) (Cum.Supp. 1984) provides that a party to a civil action may demand a trial by jury by serving upon the other parties a demand in writing, not later than ten days after service of the last pleading, directed to the issue involved.

█ Ortegas, the defendants, filed a jury demand but inadvertently neglected to pay the jury fee into the registry of the court. Notwithstanding the time limitation prescribed by the rule, this Court has recognized that a party does not always lose the right to a jury trial by failing to comply with jury demand procedures. *Ferrill, Thorp v. Cash*, 97 N.M. 383, 640 P.2d 489 (Ct.App.1981). In any event, in this case, the parties, prior to trial, stipulated to a trial by jury which the court ordered. Courts generally honor stipulations between the parties and uphold such agreements concerning trial of a cause or conduct of litigation if the stipulations are not unreasonable, not against good moral standards or sound public policy, and are within the general sense of the pleadings. *Southern Union Gas Co. v. Cantrell*, 57 N.M. 612, 261 P.2d 645 (1953).

Under the stipulation and order of the court we find that Civ.P.Rule 39(b) is applicable. It provides:

In all actions not triable of right by a jury the court upon motion or of its own initiative may try any issue with an advisory jury; *or the court, with the consent of both parties, may order a trial with a jury whose verdict has the same effect as if trial by jury had been a matter of right.* (Emphasis added.)

█ This Court has recently held that the right to a jury trial is an important constitutional guarantee in New Mexico, and that the trial court determines the equitable issues but the parties are entitled to a jury trial of the legal issues. *Evans Financial Corp. v. Strasser*, 99 N.M. 788, 664 P.2d 986 (1983). *Also see* N.M. Const. art. II, § 12.

█ We conclude that under Civ.P.Rule 39(b), once the parties consent to try an issue to a jury and the court orders a jury

trial pursuant to the stipulation, the trial court cannot withdraw the legal issues from the jury on the ground that there are also equitable issues involved. Here, a claim for damages was alleged and legal defenses thereto raised and those legal issues were being tried before the jury. There were material issues of fact to be tried before the jury. *See Evans Financial Corp. v. Strasser.*

The trial court is reversed and the cause remanded for a jury trial and for further proceedings consistent with this opinion. Peay and Von Barnekow shall recover costs on appeal.

IT IS SO ORDERED.

RIORDAN and STOWERS, JJ., concur.