727 P.2d 556

**Arthur B. OLGUIN,
Petitioner-Appellant,**

v.

**Lida M. MANNING, Formerly Lida M.
Olguin, Respondent-Appellee.**

**No. 8858.**

Court of Appeals of New Mexico.

Oct. 7, 1986.

Patsy D. Reinard, Socorro, for petitioner-appellant.

Neil P. Mertz, Neil P. Mertz & Associate, Socorro, for respondent-appellee.

OPINION

ALARID, Judge.

■ This is a domestic relations case in which the father, petitioner-appellant, appeals the trial court's order modifying child support. Father raised six issues in his docketing statement, two of which were briefed. First, whether the trial court's finding that the father was capable of gainful employment was supported by substantial evidence; and second, whether the trial court may modify child support payments based on a previous stipulation of the parties filed with the court but not reduced to judgment. Issues not briefed are abandoned. *State v. Scott*, 90 N.M. 256, 561 P.2d 1349 (Ct.App.1977). We affirm the judgment of the trial court.

FACTS

The parties to this action were divorced in 1976. Mother was awarded custody of their three children, one of whom is now over eighteen, and was awarded $150 per month in child support under the divorce decree. Later, the parties modified the child support to $200 per month in a stipulation filed with the court. The stipulation was signed by both parties, but not by a district judge. The father petitioned the court to modify custody and child support on February 21, 1985. The trial court refused to modify custody but did reduce

child support payments from $200 per month to $134.34 per month, based on the fact that the parties' oldest child had turned eighteen.

DISCUSSION

## I. WHETHER THE TRIAL COURT'S FINDING THAT THE FATHER WAS CAPABLE OF GAINFUL EMPLOYMENT WAS SUPPORTED BY SUBSTANTIAL EVIDENCE.

▪ When the brief fails to review or provide transcript references to the evidence, this court will accept the findings of the trial court. *City of Farmington v. Sandoval*, 90 N.M. 246, 561 P.2d 945 (Ct. App.1977). In this case, there are no citations to the record except for a cryptic "See exhibits" on page 1 of the brief-in-chief. We will not review issues raised for which there are insufficient references to the record or transcript as required by the rules. *Lacy v. Holiday Management Co.*, 85 N.M. 460, 513 P.2d 394 (1973); *State v. Reese*, 91 N.M. 76, 570 P.2d 614 (Ct.App. 1977). *See also* NMSA 1978, Crim., Child. Ct., Dom.Rel. & W/C App.R. 501(a)(4) (Cum.Supp.1985).

The trial court will be affirmed on this issue.

## II. WHETHER THE TRIAL COURT MAY MODIFY SUPPORT PAYMENTS BASED ON A PREVIOUS STIPULATION OF THE PARTIES FILED WITH THE COURT BUT NOT REDUCED TO JUDGMENT.

▪ The trial court based its child support modification on the amount contained in the stipulation of the parties. It did not base its modification on the amount set forth in the divorce decree.

Father argues that the trial court erred in basing the modification on the stipulated $200 per month. He argues that the modification should have been based on the amount set forth in the divorce decree: $150 per month. Father attempts to construe the trial court's judgment as a retroactive modification of support payments. We do not agree with this contention. The trial court ordered father to pay $133.34

per month "from and after August 18, 1985," which was the eldest child's eighteenth birthday. The trial court did not order father to make back payments. Mother argues that father is and was bound by the stipulation, and that the amount contained in the stipulation is the amount from which the trial court should make its modification.

"Courts generally honor stipulations between the parties and uphold such agreements concerning trial of a cause or conduct of litigation if the stipulations are not unreasonable, not against good moral standards or sound public policy, and are within the general sense of the pleadings. *Southern Union Gas Co. v. Cantrell*, 57 N.M. 612, 261 P.2d 645 (1953)." *Peay v. Ortega*, 101 N.M. 564, 565, 686 P.2d 254, 255 (1984). The trial court in this case had none of the reasons listed above for refusing to honor the parties' stipulation. This stipulation was equitable when entered into. It provided benefits for both parties: mother received full title to family home and an increase in child support payments and father was relieved of the mortgage payments on the family home. There has been no allegation of fraud or overreaching by either party.

Stipulations between husband and wife are favored. *Unser v. Unser*, 86 N.M. 648, 526 P.2d 790 (1974). In *Henderson v. Lekvold*, 95 N.M. 288, 621 P.2d 505 (1980), the supreme court held that it was error for the trial court to refuse to consider the parties' stipulated guidelines for support modifications. The court held that the guidelines adopted by the parties and incorporated in their divorce decree were unambiguous and had to be enforced as written.

The same holds true in this case. The only difference here is that the stipulation was not incorporated in the decree. We do not think that is an important difference in this case because the stipulation was equitable. It represented the parties' modification of their judgment. Although the trial court was free to reject the parties' stipulation when the modification of sup-

port payments was made, it did not do so. (*See Jensen v. Jensen,* 629 P.2d 765 (Mont. 1981) (court is not bound by parties' agreements where welfare of children is concerned)). Father has not produced evidence to show why the trial court should have rejected the stipulation. In *Marrujo v. Chavez,* 77 N.M. 595, 599, 426 P.2d 199, 201 (1967), the supreme court said:

Stipulation of settlement with judgment to be entered is regarded as removed from the ordinary stipulation, particularly procedural ones, which the court is free to set aside or not in its broad discretion and for the sake of convenience alone. It is usually required there be a showing equivalent to that necessary to set aside a contract in equity. 161 A.L.R. 1192; *Alldredge v. Alldredge,* 20 N.M. 472, 151 P. 311. It is incumbent on the party moving, to avoid the consequences of a written stipulation, to show good cause why the terms of the stipulation should not be carried out. *Xenakis v. Leslie,* (Fla.App.1963), 152 So.2d 500; *Roin v. Checker Taxi Company,* 36 Ill.App.2d 447, 184 N.E.2d 736. A party seeking relief from a stipulation of settlement has a heavy burden of persuasion. *Wagner v. Myers,* 355 Mich. 62, 93 N.W.2d 914.

Father should not be able to avoid the consequences of his equitable stipulation. The stipulation should not be ignored for purposes of modification. *Cf. Harkins v. Harkins,* 101 N.M. 296, 681 P.2d 722 (1984). The trial court's modification which was based on the parties' stipulation should be affirmed.

Father, in this case, agreed to a modification which was to benefit the children. This should be allowed, and father should be bound by his agreement in this case. The result might be different if this were a case where the payments were reduced or terminated, or the children's welfare came into play. *See Spingola v. Spingola,* 91 N.M. 737, 580 P.2d 958 (1978) (parties' modification agreements must be in children's best interests). Since it is not and the welfare of the children is not harmed by enforcing the stipulation, we see no reason

why the stipulation should not be binding. Father's arguments to the contrary are totally unconvincing. The trial court has the discretion to adopt and rely on the parties' modifications. The applicable standard is the abuse of discretion standard. If the trial court accepts or rejects the parties' modifications, it should only be reversed when it abuses its discretion. The trial court did not abuse its discretion in adopting the parties' stipulation in this case. Its modification based on the parties' stipulation will be affirmed.

The judgment of the trial court is affirmed and the mother is awarded $2000.00 for attorney fees on appeal.

IT IS SO ORDERED.

DONNELLY and GARCIA, JJ., concur.