# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**IRENE C. MUNOZ, f/k/a**
**IRENE C. RIVERA,**

Petitioner-Appellee,

and

**STATE OF NEW MEXICO, ex rel.**
**HUMAN SERVICES DEPARTMENT,**

Intervenor-Appellee,

**v.**                                                          **NO. 28,006**

**ALFRED R. RIVERA,**

Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**Freddie J. Romero, District Judge**

Irene C. Munoz
Roswell, NM

Pro Se Appellee

Gary K. King, Attorney General
Santa Fe, NM
Anna Marie Green, Special Assistant Attorney General
Roswell, NM

for Intervenor-Appellee

Alfred R. Rivera

Lexigton, SC

Pro Se Appellant

**MEMORANDUM OPINION**

**VIGIL, Judge.**

Father appeals the district court order modifying child support. Father contends that the district court erred in: (1) ordering a modified child support award that creates a financial hardship for Father; (2) failing to review Father's supporting evidence when deciding whether to deviate from the child support guidelines; (3) not ordering an abatement of child support for future summer visitation; (4) not considering the potential child care tax benefit Mother may be receiving and reducing the amount of work-related child care in the child support formula; and (5) not considering that the work-related child care described to the court at the hearing is not actually provided to the children. We affirm the district court order.

**BACKGROUND**

In February 2004, a stipulated judgment and order was entered ordering Father to pay ongoing child support in the amount of $443.83 per month, plus $100 toward arrearages for a total of $543.83 per month. In April 2007, the State of New Mexico, Human Services Department, Child Support Enforcement Division (CSED) filed a motion to intervene and a motion to modify child support. The district court

granted CSED's motion to intervene. Mother and Father both appeared and testified on August 7, 2007, at the hearing on the motion to modify child support. The district court ultimately ordered Father to pay child support in the amount of $878.21 per month retroactive to April 2007, when the motion to modify child support was filed. Father appeals.

**DISCUSSION**

Rule 12-213(A)(3) NMRA requires appellants to cite "to the record proper, transcript of proceedings or exhibits supporting each factual representation" in the brief in chief and Rule 12-213(A)(4) requires that the argument in the brief in chief have "citations to authorities, record proper, transcript of proceedings or exhibits relied on." Father did not cite to the record proper or transcript of proceedings in his brief. We are not required to search the record for support for Father's arguments. *See Chavez v. Lovelace Sandia Health Sys., Inc.*, 2008-NMCA-104, ¶ 37, 144 N.M. 578, 189 P.3d 711 (stating that "we are not obligated to search the record to find support for a party's argument"). "We will not review issues raised for which there are insufficient references to the record or transcript as required by the rules." *Olguin v. Manning*, 104 N.M. 791, 792, 727 P.2d 556, 557 (Ct. App. 1986). Additionally Father attached several "addenda" to his brief in chief. Because Father fails to show that these documents are in the record on appeal or exhibits in the case, we will not

3

consider them on appeal. *See Rangel v. Save Mart, Inc.*, 2006-NMCA-120, ¶ 36, 140 N.M. 395, 142 P.3d 983 ("[The Court of Appeals] do[es] not consider matters not of record."); *Jemko, Inc. v. Liaghat*, 106 N.M. 50, 55, 738 P.2d 922, 927 (Ct. App. 1987) ("It is improper to attach to a brief documents which are not part of the record on appeal."); *Poorbaugh v. Mullen*, 99 N.M. 11, 16, 653 P.2d 511, 516 (Ct. App. 1982) (stating the rules of appellate procedure do not authorize consideration of documents attached to briefs involving exhibits not identified or tendered into evidence before the trial court).

We review the setting of child support for an abuse of discretion. *See Styka v. Styka*, 1999-NMCA-002, ¶ 8, 126 N.M. 515, 972 P.2d 16. "The [district] courts discretion, however, must be exercised in accordance with the child support guidelines." *Id.* We will hold that a district court has abused its discretion "when it applies an incorrect standard, incorrect substantive law, or its discretionary decision is premised on a misapprehension of the law." *Klinksiek v. Klinksiek*, 2005-NMCA-008, ¶ 4, 136 N.M. 693, 104 P.3d 559 (internal quotation marks and citation omitted).

**1.    Child Support Award Amount**

The statutory child support guidelines, which were followed by the district court in this case, are presumed to provide the proper amount of child support. *See*

*Leeder v. Leeder*, 118 N.M. 603, 605, 884 P.2d 494, 496 (Ct. App. 1994). Father argues that the modified child support award in the amount of $878.21 per month creates a financial hardship for him. An award that is over 40% of a payor's gross income is presumed to result in substantial hardship that justifies deviation from the guidelines. *See* NMSA 1978, § 40-4-11.1(J) (1995) (amended 2008). Father's gross income, which is not contested, is $4167 per month. Therefore, the monthly child support award totaling $928.21 (including arrears) equals 22.28% of Father's gross income. This amount is below the salary threshold for a presumption of substantial hardship.

Further, while the district court has discretion to deviate from the child support guidelines, it is not required to do so. *See Boutz v. Donaldson*, 1999-NMCA-131, ¶ 16, 128 N.M. 232, 991 P.2d 517 ("The child support guidelines constitute a 'rebuttable presumption' from which the court may choose to deviate under certain circumstances in the sound discretion of the court, but the court is not required to do so."). As the district court explained to Father at the hearing, "the court is required to follow the child support worksheets unless there is a substantial reason not to, a good reason to deviate, and it's the practice of this court to follow [the child support worksheets]." The district court did not abuse its discretion in deciding that a deviation from the child support guidelines was not warranted.

Because the district court modification of child support was based on application of the child support guidelines, we hold that Father has not shown an abuse of discretion. *See Klinksiek*, 2005-NMCA-008, ¶ 4 (stating that discretion of the district court must be exercised in accordance with the child support guidelines).

**2.    Review of Supporting Evidence**

Father argues that the district court failed to review supporting evidence that he presented at the hearing in support of his argument for a deviation from the guidelines. It appears that all of the evidence to which Father refers is that which is attached to his brief—documents that we will not consider because Father fails to show where in the record he presented these documents to the district court for consideration. Further, Father does not show that these documents were exhibits. Therefore, we reject Father's argument. *See* Rule 11-103(A)(2) NMRA (providing that error may not be predicated upon a ruling which excludes evidence unless a substantial right of the party is affected, and the substance of the evidence was made known to the court by offer or was apparent from the context within which questions were asked); *State v. Shaw*, 90 N.M. 540, 542, 565 P.2d 1057, 1059 (Ct. App. 1977) (stating that a tender of proof is required to advise the trial court of the nature of the evidence so that the trial court can intelligently consider it); *State v. Lujan*, 99 N.M. 453, 456, 659 P.2d 905, 908 (Ct. App. 1983) (stating that an appellate court cannot determine whether

evidence was properly excluded by the trial court without a tender of the excluded evidence).

However, Father did testify why he believed a deviation from the guidelines was warranted. Father asserted that: (1) it is more expensive to live in his city of residence in South Carolina than it is to live in Roswell, New Mexico, where the children and Mother reside; (2) Father needed "a break" on child support because he had recently moved back to the United States from abroad; (3) the children are near the age when they would no longer need child care; and (4) Father would never be able to pay back his arrearage. After considering this testimony, the district court determined that no deviation from the guidelines was required. However, the district court did order, to Father's benefit, that Father was not required to begin the retroactive support payments for six months (without interest accruing) and that the remaining arrears were not required to be paid monthly, but instead would be paid through tax intercept. Thus, contrary to Father's contention, the district court did not ignore Father's circumstances in its ruling and we conclude there was no abuse of discretion.

**3. Abatement of Child Support for Summer Visitation**

Father contends that he was unfairly denied his request for an abatement of child support during future summer visitation. The district court is permitted, but not

required, to partially abate child support during the summer for visitations of one month or longer. *See* § 40-4-11.1(F)(1). Father's and Mother's mediated parenting plan provides that the children will visit Father for three weeks during the summer of 2008 and for a full month in the summer of 2009. Thus, Father was not eligible for a partial abatement of child support until the summer of 2009 when the children were scheduled to visit for a full month. Furthermore, while the district court decided not to order an abatement at the time of the hearing in August 2007, it informed Father that he could raise a motion for abatement of child support the following year. The district court did not abuse its discretion in denying Father's request for future abatement of child support.

**4.      Work-related Child Care**

Father argues for the first time on appeal that the district court erred by not taking into consideration the potential tax benefit Mother may be receiving and, accordingly, not reducing the $200 for child care.

At the hearing, Father did not raise the issue of reducing the amount of child care because of Mother's potential tax benefit. Father's main statement about child care during the hearing was to ask the district court for permission to pay it directly. After this request was denied, Father asked the district court if he could claim child care on his taxes, because Father was under the misapprehension that he was paying

the full $200 for child care, rather than his share in proportion to his income.  Father made no further statement regarding the child care tax benefit.

Because Father did not raise the issue of reducing the child care because of Mother's potential tax benefit at the hearing, we will not review this issue on appeal. *See Spectron Dev. Lab. v. Am. Hollow Boring Co.*, 1997-NMCA-025, ¶ 32, 123 N.M. 170, 936 P.2d 852 ("[W]e review the case litigated below, not the case that is fleshed out for the first time on appeal.") (alteration in original) (internal quotation marks and citation omitted).

**5.      Children Not Currently Receiving Child Care**

Father alleges in his brief in chief that the children have not ever received the child care from their uncle that was described to the district court by Mother.  Because Father did not raise this issue in the district court, we will not review it on appeal. *Id.*

**CONCLUSION**

For the above reasons, we affirm the district court's judgment.

**IT IS SO ORDERED.**

_____
**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____

9

**JAMES J. WECHSLER, Judge**

_____

**JONATHAN B. SUTIN, Judge**