This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**MEGAN COBB**,

Petitioner-Appellant,

v.                                                                              **No. 34,111**

**CAMERON SCHREMPP,**

Respondent-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Elizabeth E. Whitefield, District Judge**

Tucker, Burns, Yoder & Hatfield
Christian A. Hatfield
Farmington, NM

for Appellant

Robert E. Tangora, LLC
Robert E. Tangora
Santa Fe, NM

for Appellee

**MEMORANDUM OPINION**

**VIGIL, Chief Judge.**

{1}     Mother appeals from a judgment and order modifying joint legal custody of

Child with Father having primary physical custody and primary decision-making authority for Child's daily life, granting Mother specified timesharing rights, and ordering other measures to be taken. We affirm.

**I.      BACKGROUND**

{2}      This is a custody dispute between Mother and Father of Child who was born on December 22, 2008. The parents never married, and from Child's birth until mid-2013, Mother and Child lived with Mother's parents in Gallup, New Mexico, while Mother completed nursing school. Father lives in South Dakota and was not involved in Child's early life, but did come to New Mexico to see Child about six times prior to May 2013, and he flew Child and Mother to South Dakota to visit on two occasions. In 2009, when Child was almost nine months old, Mother filed a petition to establish paternity, to set child support, and to determine custody in the Bernalillo County District Court. A default judgment was filed in 2010, awarding Mother sole legal and physical custody of Child, subject to Father's right to visitation.

{3}      In the summer of 2013, Father obtained an order of protection for Child in the McKinley County District Court on the basis of allegations that Mother's boyfriend had, with Mother's knowledge, spanked Child with such severity that it left severe bruises on his buttocks. Mother and Father then stipulated to an order awarding custody to Father, continuing the order of protection for an additional ninety days, and

2

granting Mother visitation rights. Pursuant to the stipulated order, Child spent half his time with Mother who now lived in Aztec, New Mexico, and half his time with Father. Father would fly from South Dakota and exercise his visitation in the home of Child's maternal grandparents in Gallup, New Mexico. The parties also stipulated that the order of protection be transferred to the Bernalillo County District Court to be consolidated with the original paternity case.

{4}     After the case was transferred to the Bernalillo County District Court, Mother filed a motion for appointment of a guardian ad litem (GAL), a motion for attorney fees, and a motion for child support. Over Father's objection, the district court appointed a GAL to represent Child's best interests. The district court also ordered that the existing timesharing, as ordered by the McKinley County District Court, "shall continue with the parties sharing [Child] on a week on/week off basis with exchanges as provided by that order."

{5}     The GAL conducted interviews and an investigation as ordered and sent counsel for the parties her initial report and recommendations on March 24, 2014. The GAL recommended that primary custody be with Father at his home in South Dakota with the parties sharing modified joint legal custody. The GAL also recommended that the change in custody be accomplished gradually, with Child initially residing in Gallup, New Mexico, with his grandparents, and by August or September, living full

time with Father in South Dakota.

{6} After considering Father's emergency motion to adopt the GAL's recommendations, and Mother's objections to the GAL's recommendations, and holding a hearing, the district court adopted the recommendations of the GAL on a temporary basis with minor changes relating to how Mother was to exercise timesharing. The district court considered the GAL's complete report and recommendations, admitted into evidence by stipulation of the parties as "Gal Exhibit 1," as well as the oral testimony of the GAL, Mother, and Father, in making its ruling. The parties were ordered to develop a parenting plan to include a timesharing schedule for Mother, and a trial was set to determine Child's status and to allow the parties to present any additional witnesses they desired, and adopt a parenting plan.

{7} Prior to trial, the GAL completed and submitted a July 2014 supplemental report, which was identified as "Court's Exhibit 1" and admitted into evidence. The testimony of the GAL, Monica Joyce Broadstreet, James Blackwell, Billie C. Blackwell, Frankie Lee Blackwell, Mother, and Father was also presented at the trial. Following trial, the district court filed a judgment and order adopting the GAL's recommendations. Mother filed a notice of intent to appeal, and the district court set a deadline for filing requested findings of fact and conclusions of law. After the parties submitted requested findings of fact and conclusions of law, the district court

4

filed its own findings of fact and conclusions of law. Mother appeals. Because this is a memorandum opinion and the parties are familiar with the facts and procedural history of the case, we only discuss additional facts as are necessary to our disposition of the case.

**II.    DISCUSSION**

**{8}**    On appeal, Mother argues that the district court erred because: (1) substantial evidence does not support the court's judgment and order; (2) it modified custody of Child without findings of substantial and material change in circumstances; (3) it adopted the GAL recommendations and the GAL exceeded the scope of her appointment and supported another party rather than the best interests of Child; (4) it violated Mother's due process rights; (5) it removed Child from Mother and placed Child with non-parents absent a finding of unfitness or exceptional circumstance; and (6) it did not provide Mother with procedural and substantive protections that exist in a proceeding to terminate parental rights. We discuss each issue in turn.

**A.    Substantial Evidence to Support the District Court's Judgment and Order**

**{9}**    In addressing an argument that substantial evidence does not support a district court's findings, we review the evidence "in the light most favorable to the prevailing party." *In re Adoption of Doe*, 1976-NMCA-084, ¶ 76, 89 N.M. 606, 555 P.2d 906. The effect of the district court orders prior to the trial was that sole legal and physical

custody in Mother was changed to physical custody in Father with Mother having specified timesharing rights. After the trial, and upon filing of the final judgment, Mother and Father shared modified joint legal custody, with Father having primary physical custody and Mother having specified timesharing. In *Grant v. Cumiford*, we said:

> We will overturn the trial court's custody decision only for abuse of discretion, and we will uphold the court's findings if supported by substantial evidence. An abuse of discretion occurs when a ruling is clearly contrary to the logical conclusions demanded by the facts and circumstances of the case. To reverse the trial court under an abuse-of-discretion standard, it must be shown that the court's ruling exceeds the bounds of all reason or that the judicial action taken is arbitrary, fanciful, or unreasonable. When there exist reasons both supporting and detracting from a trial court decision, there is no abuse of discretion.

2005-NMCA-058, ¶ 13, 137 N.M. 485, 112 P.3d 1142 (alteration, internal quotation marks, and citation omitted).

{10}     Mother argues that the district court's custody determination was against the clear weight of the evidence, and that in considering the evidence in the light most favorable to her, joint custody should have been ordered under the factors set forth in NMSA 1978, Section 40-4-9.1(B) (1999). We disagree. First, Mother's suggestion that the district court did not consider the factors in Section 40-4-9.1 is rejected. The district court entered findings under each of these factors, pointing specifically to evidence that supported these findings. In addition, the district court's remaining

6

findings of fact are thorough and complete, with references to the evidence supporting them. These findings are not challenged, and they clearly support the district court's conclusions of law and its custody determination. *See Arnold v. Arnold*, 2003-NMCA-114, ¶ 2, 134 N.M. 381, 77 P.3d 285 (stating that unchallenged findings of fact are conclusive on appeal). Secondly, Mother's challenge only points to and argues the evidence and inferences which she believes supports her argument, but fails to point to the evidence in the record that supported the district court's findings. Her argument therefore fails. *See* Rule 12-213(A)(4) NMRA ("A contention that a verdict, judgment or finding of fact is not supported by substantial evidence shall be deemed waived unless the argument identifies with particularity the fact or facts that are not supported by substantial evidence[.]"); *Henderson v. Henderson*, 1979-NMSC-075, ¶ 17, 93 N.M. 405, 600 P.2d 1195 (concluding what when the appellant only referred to sections of the transcript where evidence could be found that was contrary to the district court finding, and did not set out all the evidence as required, the appellant's arguments would not be addressed).

{11} Mother fails to demonstrate that the district court's findings of fact and conclusions of law are not supported by substantial evidence or that the district court abused its discretion. We therefore reject Mother's arguments.

**B.    No Finding of Substantial and Material Change in Circumstances**

7

{12} Mother argues that the district court committed reversible error because it initially terminated her of sole custody, and then joint custody without making a finding of a substantial and material change in circumstances. *See Grant*, 2005-NMCA-058, ¶ 13 (" 'A court may modify a custody order only upon a showing of a substantial change in circumstances since the prior order that affects the best interests of the children.' ") (quoting *Thomas v. Thomas*, 1999-NMCA-135, ¶ 10, 128 N.M. 177, 991 P.2d 7)). Father responds that this issue was not preserved for appellate review. We agree with Father.

{13} Mother was initially awarded sole legal and physical custody of Child in the Bernalillo County District Court action. After Father obtained the order of protection in the McKinley County District Court, Mother stipulated that: (1) the order of protection be extended for ninety days; (2) Father would have custody of Child; (3) Mother would have specified periods of visitation; and (4) Child would remain in Father's temporary custody during the time that Child was not with Mother. Mother also stipulated that the order would be transferred to the Bernalillo County District Court case pursuant to NMSA 1978, Section 40-13-5(C) (2008). Section 40-13-5(C) provides in pertinent part that when a petition for an order for protection is filed, and if an action relating to child custody has concluded, an order for protection may be filed and "the portion of the order dealing with child custody or child support will then

8

be transferred" to the court that has jurisdiction over the prior custody or support action. Mother is bound by her stipulation. *See Olguin v. Manning*, 1986-NMCA-102, ¶ 7, 104 N.M. 791, 727 P.2d 556 ("Courts generally honor stipulations between the parties and uphold such agreements concerning trial of a cause or conduct of litigation if the stipulations are not unreasonable, not against good moral standards or sound public policy, and are within the general sense of the pleadings." (internal quotation marks and citation omitted)).

{14}     After the case was transferred to the Bernalillo County District Court, Mother filed motions for appointment of a GAL, for attorney fees, and for child support. None of these motions challenged the change in custody to Father, and when these motions were heard on November 4, 2014, Mother did not object to the change in custody or move the district court for a finding that no substantial and material change of circumstances had taken place. Moreover, Mother's counsel acknowledged that the joint 50/50 timesharing was ongoing, and Mother did not oppose further extending the McKinley County order until the GAL's report was completed and an evidentiary hearing held. At that hearing the district court ordered that the timesharing as set forth in the McKinley County District Court order would continue as provided in that order.

{15}     Finally, Mother's briefing fails to point to any portion of the record, or any of the hearings, showing that she objected to changing custody because there was no

9

substantial and material change in circumstances. Under all the foregoing circumstances, we conclude that the issue was not preserved for our review. *See* Rule 12-216(A) NMRA ("To preserve a question for review it must appear that a ruling or decision by the district court was fairly invoked[.]"); Rule 12-213(A)(4) (stating that the brief in chief must contain "a statement explaining how the issue was preserved in the court below, with citations to authorities, record proper, transcript of proceedings or exhibits relied on"). Because the issue raised by Mother was not preserved, we do not consider it.

**C.     Adoption of GAL's Recommendations**

{16}     Mother argues that the district court erred in adopting the GAL's interim and final recommendations because the GAL acted beyond the scope of the appointment and, contrary to her obligation to act in the best interests of Child, acted on the directives and objectives of Child's maternal grandparents. Whether the GAL acted within the scope of her appointment and in the best interests of Child presents a factual question. *See Collins ex rel. Collins v. Tabbet*, 1991-NMSC-013, ¶¶ 39-44, 111 N.M. 391, 806 P.2d 40 (stating that whether a GAL was appointed and acted as an "arm of the court" presents a factual question to be resolved by the district court). The question on appeal is whether the district court's ruling is supported by substantial evidence. *In re Doe*, 1976-NMCA-084, ¶ 76.

**{17}** The order appointing the GAL clearly set forth the GAL's duties as required by Rule 1-053.3(B) NMRA (requiring the appointment order to specify GAL's role, tasks, and duties). Mother fails to point us to any actions she contends the GAL engaged in which exceeded the duties set forth in the appointment order.

**{18}** The GAL's initial March 24, 2014, report and recommendations and supplemental July 2014 report reflect that the GAL conducted a thorough investigation and made recommendations to the court that the GAL considered to be in the best interests of Child. *See* Rule 1-053.3(C) NMRA (providing that a GAL is a "best interests attorney" who shall provide independent services to protect the child's best interests without being bound by anyone's directive or objectives). In this regard, Mother fails to make any argument to demonstrate that the GAL's recommendations were not actually in the best interests of Child. When Mother cross-examined the GAL about her alleged bias towards Child's maternal grandparents, the GAL explained that her criticisms of Mother were based on Mother's own actions, not what the maternal grandparents said. The fact that Mother disagrees with the GAL's recommendations that did not favor her does not demonstrate that the GAL acted on the directives and objectives of Child's maternal grandparents. Furthermore, the district court acted within its prerogative in finding the GAL to be more credible than Mother's witnesses. *See Dewitt v. Rent-A-Center, Inc.*, 2009-NMSC-032, ¶ 22, 146

11

N.M. 453, 212 P.3d 341 ("The trier of facts is the sole judge of the credibility of witnesses and the weight to be given their testimony." (internal quotation marks and citation omitted)).

{19}     Our Supreme Court has stated that the appointing court "is in the best position to determine whether the [GAL] has clearly and completely acted outside the scope of his or her appointment." *Kimbrell v. Kimbrell*, 2014-NMSC-027, ¶ 17, 331 P.3d 915. The district court here made an express determination that "[t]he GAL followed Rule 1-053.3(F)" in performing her duties. Mother failed to demonstrate that this finding is not supported by substantial evidence. We therefore reject her argument under this point.

**D.     Violation of Mother's Due Process Rights**

{20}     Mother argues that her due process rights were violated when the district court ordered, on a temporary basis, that to facilitate Child's permanent move to South Dakota that Child reside with the maternal grandparents, and then permanently with Father in South Dakota. Whether Mother was deprived of due process presents us with a question of law that we review de novo. *See State ex rel. Children, Youth & Families Dep't v. Mafin M.*, 2003-NMSC-015, ¶ 17, 133 N.M. 827, 70 P.3d 1266 ("The question of whether an individual was afforded due process is a question of law that we review de novo."). Mother ignores the district court's conclusion, supported by

12

substantial evidence, that the interim and permanent orders were in Child's best interests, and she totally fails to present pertinent authority supporting her due process argument. Under the circumstances, there is no argument for us to address. *See State v. Stephenson*, 2015-NMCA-038, ¶ 21, 346 P.3d 409 (stating we were entitled to assume that when arguments are unsupported by cited authority that supporting authorities do not exist); *State v. Guerra*, 2012-NMSC-014, ¶ 21, 278 P.3d 1031 (noting that an appellate court does not review unclear or undeveloped arguments).

**{21}** "Due process requires notice and a meaningful opportunity to be heard." *Thomas*, 1999-NMCA-135, ¶ 19. Mother had adequate notice of all the hearings and proceedings held in the district court; Mother's views and evidence were presented to the GAL; Mother exercised her right to object to the GAL's reports and recommendations; and Mother was represented at all times by counsel, exercised her right to present evidence on her own behalf, to cross-examine Father's witnesses and the GAL, and to submit requested findings of fact and conclusions of law. Under the circumstances, we conclude that Mother received all the process to which she was due in this case.

**E.     No Finding of Unfitness or Exceptional Circumstances**

**{22}** Mother argues that Child was placed in the custody of the maternal grandparents in violation of the parental preference doctrine. Mother's argument is

misplaced. This is not a dispute between a parent and a third party to which the parental preference doctrine applies; it is a dispute between the natural parents. *See Chatterjee v. King*, 2012-NMSC-019, ¶ 51, 280 P.3d 283 ("[T]he parental preference doctrine does not apply between two parents in a custody dispute."); *Stanley J. v. Cliff L.*, 2014-NMCA-029, ¶ 11, 319 P.3d 662 (noting that parental preference doctrine "creates a presumption in a custody dispute between a natural parent and a third party that the welfare and best interests will be served in the custody of the natural parent").

**F.      Deprivation of Rights Available in Termination of Parental Rights Case**

{23}      Mother argues that she was not afforded the same due process that is afforded a parent in a termination of parental rights case. This is not a termination of parental rights case. Mother provides no authority to support an argument that the parental preference doctrine or the panoply of rights available in a termination of parental rights case apply here. We therefore reject Mother's argument. *See Stephenson*, 2015-NMCA-038, ¶ 21; *Guerra*, 2012-NMSC-014, ¶ 21.

**III.      CONCLUSION**

{24}      The final judgment and order of the district court is affirmed.

{25}      **IT IS SO ORDERED.**


_____

**MICHAEL E. VIGIL, Chief Judge**

14

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**MICHAEL D. BUSTAMANTE, Judge**