This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**MATTHEW J. CHANNON,**

Plaintiff-Appellant,

v.                                                        **No. A-1-CA-36076**

**NEXSTAR MEDIA GROUP, f/k/a MEDIA GENERAL, f/k/a LIN TELEVISION CORP.; KRQE-TV; KASA-TV; LIN OF NEW MEXICO, LLC; BILL ANDERSON; IAIN MUNRO; TINA JENSEN; DEBRIANNA MANSINI; JUSTIN COX and AUTOMATTIC, INC.,**

Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Victor S. Lopez, District Judge**

Matthew J. Channon
Albuquerque, NM

Pro Se Appellant

Templeman and Crutchfield
C. Barry Crutchfield
Lovington, NM

Haynes and Boone, LLP
Laura Lee Prather
Catherine Lewis Robb

Austin, TX

for Nexstar Media Group

B. Kent Buckingham
Midland, TX

for Debrianna Mansini

Esquivel Law Firm, LLC
Martin R. Esquivel
Albuquerque, NM

for Tina Jensen, Justin Cox, KRQE-TV,
Nexstar Media Group, KASA-TV,
Automatic, Inc., Bill Anderson
Iain Munro

## MEMORANDUM OPINION

**ZAMORA, Judge.**

{1}     Plaintiff Matthew Channon, a self-represented litigant, appeals from the district court's order granting Defendants' motion to dismiss and subsequent order denying Plaintiff's Rule 1-059 NMRA motion. Our second notice of proposed summary disposition proposed to summarily reverse in part and affirm in part. In response, Plaintiff filed a memorandum in opposition and Defendant Nexstar Media Group ("Nexstar") filed a response to Plaintiff's memorandum in opposition. Having considered all pleadings filed by the parties in this case, we reverse in part and affirm in part.

{2}     While we initially proposed summary reversal as to all issues, upon consideration of Nexstar's memorandum in opposition, we changed our proposed disposition as to one issue only—whether the district court properly dismissed Nexstar as a party to the case. [2 CN 2-3] Specifically, we proposed to conclude that the district court did not err in dismissing Nexstar as a party because the parties stipulated to the dismissal. [RP 256] *See Peay v. Ortega*, 1984-NMSC-071, ¶ 4, 101 N.M. 564, 686 P.2d 254 ("Courts generally honor stipulations between the parties and uphold such agreements concerning trial of a cause or conduct of litigation if the stipulations are not unreasonable, not against good moral standards or sound public policy, and are within the general sense of the pleadings."). We do not reiterate at length the analysis set forth in our previous proposed summary dispositions here, and instead focus on the parties' most recent pleadings.

{3}     In response to our second proposed disposition, Plaintiff does not supply any legal or factual argument that persuades us that our analysis was incorrect. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact," and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. Instead, he now asks this Court

to recommend sanctioning Nexstar and also asks that we instruct the district court to modify the caption in such a way that Plaintiff deems appropriate. [MIO 2-4] We decline to do so. This Court is not in a position to sanction or recommend sanctioning Nexstar as Plaintiff requests, and even if we were, we perceive no basis for sanctions. With respect to the dismissal of Nexstar, we decline to revisit the issue any further, as we believe our second notice fully addressed the merits of that issue. Furthermore, any issue that Plaintiff has related to the captioning of the case is a matter for the district court to handle in the first instance.

**{4}** Nexstar filed a "response" to Plaintiff's memorandum in opposition, indicating that it partially agrees with our proposed disposition, [Res. 2-3] but also addressing Plaintiff's contentions in his memorandum in opposition. [Res. 3-4] Our Rules of Appellate Procedure, however, contain no provision permitting a response to a memorandum in opposition. *See* Rule 12-210(D) NMRA. Rule 12-210(D)(3) provides that appellate counsel has twenty (20) days upon the filing of a notice of proposed summary disposition to file a memorandum in opposition or support. The rules do not permit a party to wait until one party has filed a memorandum before filing a response—rather, all parties have an opportunity to file a memorandum in support or in opposition within the twenty-day window. Because Nexstar's response was neither timely nor in compliance with our rules, we decline to consider it.

{5}    For the reasons set forth above and in first and second notices of proposed summary disposition, we affirm the dismissal of Nexstar and reverse with respect to all remaining issues.

{6}    **IT IS SO ORDERED.**

_____

**M. MONICA ZAMORA, Judge**

**WE CONCUR:**

_____

**LINDA M. VANZI, Chief Judge**

_____

**JONATHAN B. SUTIN, Judge**